# EXHIBIT 6

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                             EASTERN HOUSING COURT
                                                        CIVIL ACTION NO. _22-CV-364_

---

CITY OF REVERE,
     Petitioner,

v.

WATER'S EDGE LIMITED PARTNERSHIP, as **owner of
the property** located at 370 Ocean Avenue, Revere, MA; and
M&T BANK and BANK OF NEW ENGLAND as **parties
with an interest** in the property located at 370 Ocean Avenue,
Revere, MA,
     Respondents.

---

## EMERGENCY PETITION TO ENFORCE THE
## STATE SANITARY CODE AND FOR APPOINTMENT OF A RECEIVER

The Court must exercise its power to appoint a Receiver in order to protect the displaced

tenants of 370 Ocean Avenue in Revere, MA ("Property") and ensure that the extensive State

Sanitary Code ("Code") violations are promptly remedied. Due to years of repeated code-

violations and neglect by Water's Edge LP ("Owner" or "Respondent") ***one hundred and three***

***(103) tenants lost their homes*** due to a fire at the Property on June 21, 2022. Although the fire

itself caused additional code violations, the Property has an extensive history of repeated Code

violations. ***This is not the first time the City has filed a petition against the Owner to*** enforce the

Code and seek appointment of a receiver. In 2018, after the building's elevators were unusable

from disrepair (causing elderly and disabled tenants to become trapped in this high-rise building),

the City of Revere filed a petition. The Owner at that time agreed to make repairs but unfortunately

took minimal action and has failed to follow up with the City on many outstanding repairs. The

Owner has proven that it will not act promptly or properly to protect the building or the tenants.

1

The Owner has refused to provide the displaced tenants with the relocation benefits that are required by law. M.G.L. c. 175, § 99. Rather than provide the minimal $750 relocation benefit, the Owner has instructed the City to "remind" tenants "that they should have contacted their renter's insurance company for assistance" instead. ***The Owner, however, owns multiple buildings on Ocean Avenue and has more than enough vacant apartments to house each and every displaced tenant***. The Owner has not responded to this emergency situation with any consideration for the enormous human impact caused by their years of neglect and repeated code violations. Rather than securing the Property after the fire, the owner again failed its tenants by allowing them to access the building, which resulted in them attempting to live in the dilapidated structure without electricity and, therefore, forcing the City to take emergency action to condemn the Property and protect the tenants from the Owner's negligence.

Additionally, the Owner owes the City $900,000.00 (nine hundred thousand dollars) in back taxes and has another $1,000,000.00 (one million dollars) in current taxes. The Owner has been sued for over a half-million dollars by their former elevator contractor. Due to the Owner's financial pressure, habitual code violations, and failure to provide for the safety and wellbeing of its tenants, the Court must exercise its equitable and statutory authority to appoint a Receiver who will take control of the property to ensure the building and tenants are protected from the Owner.

## OVERVIEW OF LEGAL ARGUMENT

The City of Revere's ("Petitioner" or "City") request is made pursuant to M.G.L. c. 111, § 127I to enforce the State Sanitary Code, 105 CMR § 400.000 *et seq*. ("Sanitary Code") at 370 Ocean Avenue, Revere, Massachusetts ("Property"). A Receiver must be appointed because the Owner, will not promptly remedy the severe Sanitary Code violations at the Property. In addition to the facts described above, the Owner has interfered with inspections (including by unjustifiably

refusing entry to the City's representatives), is in financial jeopardy (owing back taxes to the City of $900,000 and facing a lawsuit in Suffolk Superior Court by an unpaid elevator contractor), has allowed repeated code violations at the Property (and demonstrated a pattern of violations across its nearby properties), has misrepresented the status of its repair work by overstating the amount of work performed, has moved slowly to respond to the Code violations, and has attempted repairs which were insufficient to address damage and prevent further damage (e.g. relying on improperly secured tarps to try to cover the ceiling opened by the fire which resulted in water accumulating on the tarps).

The Property requires a receiver to be put in place subject to the requirements of the statute and under the authority of this Court to take control of the situation, to care for the Property, and to meet the legal obligations of the Owner to the tenants. The Court is well justified to appoint a receiver, because:

(1) severe Code violations exist at the Property;

(2) the conditions at the Property will not be promptly remedied absent the appointment of a receiver; and

(3) the appointment of a receiver is in the best interest of the occupants and members of the general public.

*See* M.G.L. c. 111, § 127I; *see also City of Boston v. Rochalska*, 72 Mass. App. Ct. 236, 244 (2008) (holding that the statutory authority to appoint a receiver exists regardless of whether a building is occupied). Although the Court would be compelled to appoint a receiver upon satisfaction of the above elements if the building were occupied, the City condemned the Property on July 5, 2022. Accordingly, the City requests that the Court exercise its discretion under the statutory authority granted to it to appoint a receiver for the Property. The City proposes the appointment of Attorney

3

Francis C. Morrissey to be the court-appointed Receiver. Attorney Morrissey is an approved Receiver appearing on the official list maintained by the Suffolk County Superior Court. His substantial qualifications and the appropriateness of his appointment are delineated in his Affidavit attached to this Petition as Exhibit A.

## JURISDICTION AND PARTIES

1. The jurisdiction of this Court is founded upon M.G.L. c. 111, § 127I and the Court's equity jurisdiction under M.G.L. c. 214, § 1.

2. The Petitioner is a municipal corporation under the constitution and laws of the Commonwealth of Massachusetts.

3. Respondent, Water's Edge Limited Partnership, with a principal place of business located at 394 Ocean Avenue, Revere, MA 02151 is the record owner of the Property.

4. The general partner of Water's Edge Limited Partnership is a Limited Liability Company named Water's Edge Realty LLC.

5. Evelyn M. Carabetta (known as Kiki) is the resident agent of Water's Edge Limited Partnership and the sole manager of Water's Edge Realty LLC.

6. The Property is further described in a deed dated September 6, 1985 and registered at the Suffolk County Registry of Deeds at Certificate number 98598. A copy of the deed is attached as Exhibit B. The Property has an assessed value of $13,739,500 and contains 94 units.

7. Respondent, M&T Bank ("M&T"), with a principal place of business located at One M&T Plaza, Buffalo, NY 14203, is an interested party as the holder of a $19,400,000.00 (nineteen million four hundred thousand dollar) mortgage from the Owner. That mortgage is dated

May 23, 2018 from the Owner and is registered at the Suffolk County Registry of Deeds at Book 502, Page 116. A copy of the mortgage is attached as Exhibit C.

8. Respondent, Bank of New England ("New England"), with a principal place of business located at 31 Pelham Road, Salem, NH 03079, is an interested party as the holder of a $17,400,000.00 (seventeen million four hundred thousand dollar) mortgage from Water's Edge Limited Partnership. That mortgage is dated June 7, 2016 from Water's Edge Limited Partnership and is registered at the Suffolk County Registry of Deeds at Document number 857182. A copy of the mortgage is attached as Exhibit K.

9. The Owner also owns occupied apartment complexes located at 364 Ocean Avenue, Revere, MA and 388 Ocean Avenue, Revere, MA.

10. There is a fourth high-rise, occupied apartment building located at 394 Ocean Avenue owned by an entity under the control of Evelyn Carabetta.

## **FACTS**

### *Brief History Describing Relevant Code Violations*

11. The Property has a history of Sanitary Code violations, including conditions described in an order to correct dated August 2, 2017 (2017 Order). A copy of the 2017 Order, without its extensive exhibits, is attached as Exhibit D (violations for the Property begin on page 14).

12. The 2017 Order described numerous Sanitary Code violations at the Property, including violations affecting sprinkler systems, missing emergency placards, the fire panel control room, emergency lighting, missing smoke detectors, missing fire extinguishers, insufficient spray fireproofing, improperly secured doors, improperly illuminated exit signs, and an out of service elevator. *See* Exhibit D.

13. The 2017 Order also included a violation for significant rusting and corrosion on the fire pump. *Id.* at p. 16.

14. In addition to the above code violations relevant to fire and life safety, the Property has a history of numerous other Sanitary Code violations.

15. The Owner failed to pay the phone bill paid to maintain the required phone lines into the Property to provide central station monitoring of the fire alarm system.

16. As a result of the Owner's failure to maintain required phone connections, the fire alarm activation was not transferred to a central station monitoring company for notification to the fire department.

17. The Owner has relied on a fire watch provided by the City rather than repairing the Property's fire alarm system. The fire watch played a critical role during the recent fire event in reporting the fire since the Property was in violation by not providing central station monitoring.

### *The Elevators*

18. The Owner addressed one of the largest concerns at that time, the lack of a functioning elevator in this sixteen-story high-rise building (which severely impacted disabled and elderly tenants), but has since been accused of not paying its elevator contractor, Otis Elevator Company, resulting in the termination of annual maintenance due to nonpayment.

19. Upon information and belief, the Owner caused the elevator warranty provided by Otis Elevator Company to be voided by hiring a different elevator contractor to provide maintenance.

20. On January 27, 2022, Otis Elevator Company filed a complaint in Suffolk Superior Court (C.A. No. 2284CV00197) alleging base damages of $532,845.38 (five hundred thirty-two

thousand eight hundred forty-five dollars and thirty eight cents) against the Owner for work done at the Property and nearby high-rises also owned by Water's Edge Limited Partnership ("Otis Lawsuit").

21. As of the filing of this pleading, the Owner has not filed any responsive pleading in the Otis Lawsuit.

*Taxes*

22. The Owner owes the City $900,000.00 (nine hundred thousand dollars) in unpaid back taxes.

23. The Owner's current tax liability to the City for the Property is $1,000,000.00 (one million dollars).

*The Fire*

24. On June 21, 2022, a multi-alarm fire caused significant damage at the Property.

25. The Revere Fire Department, Revere Police Department, Massachusetts State Police responded to the fire with assistance from Massport Fire Rescue, Boston Fire Department, Malden Fire Department, Chelsea Fire Department, and Everett Fire Department.

26. The responders were successful in extinguishing the fire and evacuating residents.

27. The Property has significant structural damage and water damage as a result of the fire and extinguishing the fire.

28. The resulting damage exacerbated the Sanitary Code violations existing at the Property.

*Condemnation*

29. Despite alleged efforts by the Owner to remediate the damage, the Property was determined to be unfit for human habitation on July 5, 2022 pursuant to M.G.L. c. 111, § 127B and

105 CMR 410.831 (A) – (E).  A copy of the Revere Board of Health Finding of Unfitness is attached as Exhibit E.

30. The Finding of Unfitness describes numerous Sanitary Code violations throughout the building.

31. On July 5, 2022, the City issued a written determination of emergency pursuant to M.G.L. c. 111, § 127B and 105 CMR 410.831 (A) – (E) for the Property.  A copy is attached as Exhibit F.

32. Pursuant to the finding of unfitness and determination of emergency, the City issued a condemnation order and order to vacate and secure the Property.  A copy of these orders is attached as Exhibit G.

### *Conditions at the Property*

33. The Owner has not provided an NFPA 241 Construction Safety Plan for review.  This should already have been done prior to the commencement of any remediation work.  *See* Affidavit of Revere Fire Department Deputy Chief Paul Cheever, attached as Exhibit J, at ¶ 5.

34. The Owner's failure to properly remedy rust and corrosion on the fire pump assembly has resulted in a portion of the pump's support structure completely breaking apart due to the force generated by the pump's operation.  *Id.*, ¶ 6.  This was previously cited in the City's 2017 Order to Correct.  *Id.*

35. The pump was tagged by a technical professional and not to be run out of safety concerns with the two broken steel support legs due to the advanced corrosion found on the legs. *Id.*, ¶ 7.

36. The fire pump is heavily leaking water and is in need of replacement packing.  *Id.*, ¶ 8.

8

37. Upon information and belief, the Owner has been informed by its contractor of numerous violations relating to the fire pump, of which it has not informed the City. *Id.*, ⁋ 9.

38. Upon information and belief, extensive repairs to the fire pump and other noted violations in the fire pump room have already commenced without the proper notification and/or permitting. *Id.*, ⁋ 10.

39. Multiple areas throughout the garage need properly fire rated ceiling materials. *Id.*, ⁋ 11. This was previously cited in the City's 2017 Order to Correct. *Id.*

40. The sprinkler system needs complete testing. *Id.*, ⁋ 12.

41. Upon information and belief, required fire extinguishers remain missing in the garage. *Id.*, ⁋ 13.

42. Prior to the Owner replacing tags on fire extinguishers throughout the building, the prior tags showed no signoffs of monthly or quarterly inspections on the back side of the tags. *Id.*, ⁋ 14.

43. There are no records for the past year of any fire extinguisher inspections by the Owner or its management. *Id.*, ⁋ 15.

44. The lack of a proper fire extinguisher program at the Property continues to be an issue, demonstrating a pattern of the Owner's non-compliance. *Id.*, ⁋ 16.

45. Several fire doors at the Property have been observed to have been altered from their original rating by changing handles, hinges, unrated window glass, and not properly sealing in the frame after use/operation. *Id.*, ⁋ 17. These alterations void the UL rating (fire rating) of the door assembly. *Id.*

46. Upon information and belief, the Owner has ordered floor labels for the stairwells which were missing but has not confirmed with the City whether the labels were created by a

licensed architect or fire protection engineer for proper design layout requirements. *Id.*,
¶ 18.

47. The Owner's remediation efforts included demolition of walls and ceilings being done
directly onto personal belongings of tenants. *Id.*, ¶ 19.

48. Tarps are being used to cover the areas where the roof has been destroyed, but the tarps are
poorly placed and the Owner is not addressing standing water from rain events which has
been allowed to accumulate on the tarps. *Id.*, ¶ 20.  The haphazard placement of the tarps
has blocked an egress path between the eleventh and sixteenth floors. *Id.*

49. Several wires have been observed hanging from sprinkler piping. *Id.*, ¶ 21.

50. The western wall between the Property and 364 Ocean Avenue, Revere, MA has
electrical wiring projecting through the masonry work which must be properly secured or
removed. *Id.*, ¶ 22.

51. Even before the fire, the Owner had failed to respond to follow-up questions from the
City regarding insufficient permit applications it had filed in order to construct the
required fire command center for the Property. *Id.*, ¶ 23.

*Owner Has Been Slow to Correct Certain Conditions or Has Not Corrected Conditions*

52. As of the date of filing of this petition, over three weeks have passed since the fire on June
21, 2022.

53. In that time, the Owner has disregarded instructions from the City by covering areas with
new drywall, replacing ceiling tiles, and otherwise proceeding without proper permits,
authorization, or a fire safety plan. *Id.*, ¶ 24.

54. Prior to the condemnation order, the Owner failed to properly secure the building and
allowed conditions to worsen, including by allowing a tenant to splice extension cord

wiring into a dryer electrical outlet in order to circumvent the lack of power to the apartments. *Id.*, ⁋ 25.

55. Upon information and belief, the Owner has failed to provide statutorily required moving costs to its tenants.

*Owner Has Misrepresented its Remediation Work and Interfered with the City's Inspection*

56. On July 8, 2022 at approximately 3:21 p.m., a representative of the Owner, Fred Levitan, sent an email to the City with various statements responding to comments and concerns the City previously communicated. That email included misrepresentations claiming that work was completed and omitted details needed to determine whether the remediation work will be sufficient. *Id.*, ⁋ 26.

57. On July 11, 2022, the Owner's counsel informed the City that the Owner would not allow the City's Board of Health's agents and representatives to be present during án inspection of the Property. Email from Robert Russo, Esq, attached as Exhibit H, at pp. 2-3. This email was sent after the Owner had previously allowed a requested inspection to begin on Friday, July 8, 2022 at which the City's representatives were present, and after the Owner had agreed to resume the inspection on Monday under the same conditions. *Id.*, at p. 1. In full candor, the Owner on July 12, 2022 reversed its position again, only after cancelling the July 11, 2022 inspection, in order to allow the City's representatives and agents to be present during an upcoming inspection scheduled for July 14, 2022.

## **NECESSITY OF APPOINTING RECEIVER**

Under M.G.L. c. 111, § 127I, the Court "shall" appoint a receiver in the event that (1) Sanitary Code violations exist at the Property; (2) those violations will not be promptly remedied unless a receiver is appointed; and (3) such appointment is in the best interests of the occupants

11

residing in the property or the general welfare. *See* M.G.L. c. 111, § 127I; *see also Rochalska*, 72

Mass. App. Ct. at 244. A copy of the *Rochalska* Appeals Court decision is attached as Exhibit I.

The conditions at the Property have been ongoing, exacerbated by the fire, and remain

unresolved. The Property contains serious violations of the Sanitary Code including the failure to

provide habitable units. The Property has been condemned and its tenants are all currently

displaced. The substantial dangers and displacement of all tenants require that the conditions be

remedied ***immediately***. The Owner's lack of action to remedy the conditions at the Property and

longstanding pattern of failure and/or refusal to bring this building up to code make it abundantly

clear that the Sanitary Code violations will not be remedied at any time in the immediate future

unless a receiver is appointed. Finally, the appointment of a Receiver is clearly in the best interest

of the displaced occupants and general welfare as the current condition of the Property is a danger

to displaced occupants and their possessions, a drain on the resources of the City and State, and a

danger to city employees, contractors, and emergency responders who may be required to respond

to further issues at the Property.

## THE COURT SHOULD APPOINT THE PROPOSED RECEIVER

Attached as Exhibit A is an affidavit from the proposed receiver, Attorney Francis C.

Morrissey. Attorney Morrissey has an established reputation and particular expertise with

handling difficult properties and assets such as the Property at issue here. Attorney Morrissey's

bankruptcy and creditor knowledge and expertise is also essential to the handling of this particular

Receivership. Attorney Morrissey's affidavit not only lists his substantial qualification, it also

discusses the work he has already done to become familiar with the situation, including his

knowledge of this Property from a prior receivership proceeding in 2018, which will enable him

to hit the ground running to deal promptly with the Property's urgent problems.

## RELIEF REQUESTED

WHEREFORE, the Petitioner respectfully requests that this Honorable Court:

1. Appoint a Receiver for the Property pursuant to the Court's general equitable powers and

   M.G.L. c. 111, § 127I;

2. Order the Property to be repaired and brought into conformity with the State Sanitary

   Code and other applicable codes and ordinances, by the Receiver and pursuant to any

   Orders issued by the Court;

3. Endorse the Proposed Order filed herewith; and

4. Grant such additional relief as the Court deems just and proper.


                                  Respectfully submitted,
                                  Petitioner,
                                  City of Revere,
                                  By its Attorneys,

                                  */s/ Joshua M. Loveall*
                                  Paul M. Tellier, BBO # 676203
                                  Joshua M. Loveall, BBO #692161
                                  D'Ambrosio, LLP
                                  185 Devonshire Street, 10th Floor
                                  Boston, MA 02110
                                  Tel.:    (617) 720-5657
                                  Fax:     (617) 723-4967
                                  ptellier@dambrosiollp.com
                                  jloveall@dambrosiollp.com

DATE: July 14, 2022