UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>**WATER'S EDGE LIMITED PARTERSHIP,**<br><br>Debtor. | Chapter 11<br><br>Case No: 24-12445-CJP |

**DEBTOR'S MOTION TO MODIFY ORDER APPROVING
SALE PROCEDURES, AUTHORIZING THE DEBTOR
TO DESIGNATE A STALKING HORSE OFFEROR,
AND GRANTING RELATED RELIEF**
*(Expedited Determination Requested)*

Water's Edge Limited Partnership, the above-captioned debtor and debtor in possession (the "Debtor")[1] hereby seeks (the "Modification Motion") entry of (a) an order, substantially in the form attached hereto as **Exhibit A** (the "Modification Order"), (i) modifying the Court's prior *Order (I) Approving Sale Procedures for the Sale of the Sale Assets of the Debtor, (II) Authorizing the Debtor to Designate a Stalking Horse Offeror and to Seek Approval of Stalking Horse Offer Protections, (III) Scheduling a Selection Day and Approving the Form and Manner of Notice Thereof, (IV) Approving Assumption and Assignment Procedures, (V) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof, and (VI) Granting Related Relief* [Docket No. 287] entered on May 21, 2025 (the "Interim Sale Order")[2] to permit the Debtor to continue with the sale process previously authorized by the Interim Sale Order, as further set forth herein; (ii) authorizing the Debtor to designate a Stalking Horse and offer the Stalking Horse Offer Protections in accordance with the Initial Sale Order as modified herein; and (iii) for related relief.

**In light of the shortened time frame under which the Debtor seeks to proceed, the Debtor**

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms later in this Modification Motion and in the Interim Sale Order as applicable.

**requests a hearing on this Modification Motion on an expedited basis, either on August 5, 2025 at 1:30 p.m., when other matters in this case are set for hearing, or such other date as is convenient to the Court's calendar.**

In further support of this Motion, the Debtor, by and through its undersigned counsel, respectfully represents as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2002-1, 6004-1 and 9006-1.

## Background

3. On December 5, 2024 (the "Petition Date"), the Debtor commenced this Chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. The Debtor continues to manage its business and properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committees have been appointed in this Chapter 11 Case, and no request has been made for the appointment of a trustee or examiner.

6. The Debtor is a Massachusetts limited partnership. It owns and operates an approximately 306-unit residential community located at 364, 370 and 388 Ocean Avenue in Revere, Massachusetts known as Water's Edge Apartments (the "Property"). The Property consists of three

2

(3) apartment buildings situated on a 4.95-acre site together with all appurtenant interests and related personal property, fixtures, claims and other interests as may be identified by a prospective purchaser. Additionally, each of the buildings includes three (3) commercial suites that are approximately 400 square feet. A parking garage is located on both the upper and lower level of each building. Improvements at the Property include a fitness center, laundry facilities, pool, and elevators.

7. The factual background regarding the Debtor, including its business operations, its capital and debt structures, and the events leading to the filing of this chapter 11 case, is set forth in detail in the *Amended Declaration of Evelyn Carabetta in support of the Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 36] (the "First Day Declaration"), which is incorporated by reference herein.

### Sale Process Under Interim Sale Order

8. The Interim Sale Order provided the Debtor with authority to conduct a sale process in accordance with the Sale Procedures subject to subsequent Court authority and provided, among other things, for the Debtor, in the exercise of its business judgment, to: (i) designate interested parties as Qualified Offerors based upon established criteria; (ii) require from interested parties a minimum Good Faith Deposit, representations of good faith, and proof of financial wherewithal; (iii) run a process to provide due diligence in order to minimize contingencies in the Qualified Offers; (iv) distribute a Form JVA Offer to interested parties to serve as a baseline for Qualified Offers to enter into a joint venture agreement with the Debtor; (v) set a deadline for the submission of JVA Offers; (vi) modify the Sale Procedures, including by extending or waiving deadlines or other terms and conditions and otherwise modify the Sale Procedures to promote competitive Offers and maximize the value of the Property; (vii) evaluate Qualified JVA Offerors based upon their benefit to the bankruptcy estate and the equity holder; (viii) require minimum overbids at various stages of the sale process; (ix) conduct a Selection Day for the purpose of choosing the highest and best JVA Offer, subject to subsequent Court approval on shortened notice; (x) establish the Adequate Assurance

Procedures; and (xi) designate Carabetta Enterprises, Inc. ("CEI") and its representatives as Consultation Parties with rights to participate in the sale process as provided in the Sales Procedures.

9. Also pursuant to the Initial Sale Order, the Court granted to the Debtor authority to designate a Stalking Horse Offeror for one or more transactions and offer the Stalking Horse Offer Protections if the Debtor determined, in the exercise of its reasonable business judgment, that setting a floor for a transaction or transactions with respect to the Property was in the best interest of the Debtor and its creditors.

10. Following entry of the Interim Sale Order, the Debtor conducted a sale process in accordance with the Sale Procedures and the timeline set forth therein, pursuant to which it sought offers for a plan sponsor and/or joint venture partner to fund payment to creditors under its plan of reorganization and the necessary repairs and renovations to the Property. Following its solicitation of offers, the Debtor, with the participation of the Consultation Parties, designated Qualified Offerors, required Good Faith Deposits and related information, evaluated the Qualified Offers, considered designating a Stalking Horse Offeror, and ultimately determined that none of the offers submitted were acceptable. As a consequence, the Debtor cancelled the Selection Day scheduled for June 26, 2025.

11. Based upon, among other things, feedback obtained from multiple interested parties and discussions with commercial real estate brokers, the Debtor has determined in its business judgment and subject to the Court's authority, to continue the sale process by marketing some or all of the Property for an outright sale as necessary to pay creditors in full, and to concurrently seek recapitalization of the Property to the extent that a portion of the Property is not required to be sold.

**Retention of Newmark and Request to Modify Interim Sale Order**

12. On July 17, 2025, the Debtor filed the *Application of Debtor to Retain Commercial Real Estate Services Firm* (the "Application") pursuant to which the Debtor seeks authority to retain Newmark Real Estate of Massachusetts, LLC ("Newmark").

4

13. As set forth in the Application, Newmark is a global commercial real estate advisor and service provider with offices in approximately sixty countries, including 142 offices in United States. Newmark specializes in commercial real estate consulting and its areas of expertise include multifamily capital markets. Within that specialty, its services include marketing real estate portfolios for sale and complex debt structuring.

14. In order to maximize the pool of potential investors, Newmark will offer the Property in its entirety and in various combinations and solicit offers for (each, a "Transaction"): (i) an outright sale to a third party as necessary to pay all claims except as otherwise agreed, and/or (ii) financing to allow the Debtor to pay all claims except as otherwise agreed and to and fund necessary repairs and renovations of the Property.

15. Newmark will conduct a broad marketing campaign and target its extensive network of potential qualified counterparties, with particular emphasis on well capitalized residential investors with development, construction and regulatory experience. The Debtor, with the assistance of Newmark, has commenced a marketing process with a goal of reaching an agreement on one or more Transactions within seventy-five (75) days.

16. The Debtor believes that marketing the Property utilizing the approach proposed by Newmark over a period of approximately seventy-five (75) days will permit it to most effectively balance its competing goals of maximizing buyer interest and minimizing the accrual of further administrative costs in its Chapter 11 case. Newmark's proposed sale process (the "Revised Sale Process") incorporating certain milestones and timelines is set forth below (the "Revised Timeline"):

| PHASE | DURATION | KEY MILESTONES |
|---|---|---|
| PREPARATION & LAUNCH | Weeks 0 – 2 (through 8/5/25) | • Data room preparation<br>• Finalize offering memorandum and valuation materials<br>• Newmark's familiarization with assets and establishment of tour protocol |
| MARKETING WINDOW | Weeks 3 – 6 | • Issue teaser and NDA, confirm buyer access to virtual data room |

5

| PHASE | DURATION | KEY MILESTONES |
|---|---|---|
| | (through 8/26/25) | • Controlled outreach to qualified investor universe<br>• Tours and intensive buyer Q&A<br>• Facilitation of City of Revere discussions and answers on regulatory/ISD matters |
| CALL FOR OFFERS / BID DEADLINE | Week 7<br><br>(through 9/10/25) | • Initial offers due<br>• Analyze and abstract each individual offer, circulate buyer questionnaires to buyers to ascertain details on business plan, capital readiness, etc.<br>• Invite shortlist to "Best & Final" round of bidding |
| BEST & FINAL / BUYER SELECTION | Weeks 8 – 9<br><br>(through 9/19/25) | • Interview finalists<br>• Choose buyer or advance 2+ to third competitive round |
| DUE DILIGENCE & CLOSING | Weeks 10+<br><br>(closing mid-Nov. 2025) | • Once buyer is selected, commence Due Diligence period. Facilitate information sharing and site visits<br>• Work on parallel track through Purchase and Sale negotiation |

17. The Revised Timeline sets forth target dates for achieving various milestones; however, in order to run a process that maximizes value for the Debtor and the bankruptcy estate, Newmark requires flexibility in marketing the Property to accommodate for, among other things, capital market fluctuations, the volume of competing investment sales, the need for additional time by interested parties to complete due diligence, and/or other developments which may require adjustments to the Revised Timeline.

18. In order that it can work flexibly with Newmark and achieve the best outcome for the bankruptcy estate, the Debtor seeks authority to continue the sale process provided for under the Interim Sale Order, as modified by the Modification Order.

19. The Modification Order contains, among others, the following terms and provisions to implement the Revised Sale Process:

(i) Authorization for the Debtor to continue to utilize its business judgment to pursue the

6

    Revised Sale Process under the Sale Procedures pursuant to the Revised Timeline.

  (ii) Authorization for the Debtor to further modify the Revised Sale Process and the Revised Timeline as it deems necessary to achieve the best outcome from the Revised Sale Process.

  (iii) Authorization for the Debtor to designate a Stalking Horse and award Stalking Horse Offer Protections upon a motion by the Debtor in accordance with the Sale Procedures in the Initial Sale Order, with the Debtor providing not less than 3 business days' notice to all parties in interest.

  (iv) Authorization for the Debtor to permit the Consultation Parties to continue to participate in the Revised Sale Process pursuant to the terms of the Initial Sale Order.

  (v) Authorization for the Debtor to seek a hearing on a motion to approve the winning Transaction or Transactions upon shortened notice.

20. Subject to the approval of the Court, the Debtor intends to enter into one or more Transactions as necessary to provide for creditors to be paid the allowed amounts of their claims in full except as otherwise agreed and/or for the capital needed to repair and renovate any portion of the Property not sold. The selected Transaction(s) will be incorporated into the terms of a Plan that the Debtor will seek to confirm.

21. The Debtor's target date for filing a Plan, Disclosure Statement and Cure Notices under the Revised Sale Process is September 22, 2025, with a goal of confirming a Plan in conjunction with the closing of one or more Transactions.

22. For the foregoing reasons, the Debtor believes that its proposal to continue the sale process previously authorized by the Court and modified herein will allow it to achieve a value maximizing Transaction or Transactions that is in the best interests of the Debtor and all its stakeholders. As such, pursuing the Transaction(s) in the manner and within the time periods set forth herein is in the best interest of the Debtor's estate.

**Prior Order to be Fully Effective Unless Specifically Modified by the Modification Order**

23. The Debtor further requests that, except to the extent expressly modified by the Modification Order, all terms of the Initial Sale Order and all agreements recited therein, shall

continue to be in full force and effect as if fully restated in such Modification Order.

## Requests for Immediate Relief and Waiver of Stay

24. Pursuant to Bankruptcy Rules 6004(h) and 6006(d), the Debtor seeks a waiver of any stay of the effectiveness of the Modification Order allowing this Modification Motion, and any other order entered by this Court in connection with the proposed transactions. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

25. The relief requested herein is necessary and appropriate to maximize the value of the Property for the benefit of the Debtor's economic stakeholders. Given the Debtor's financial condition and limited cash runway, the Debtor requests that the relief requested herein be granted and effective as soon as practicable. Any delay in the continued sale process could jeopardize the Debtor's chapter 11 strategy and the ability of the Debtor to consummate a value-maximizing transaction. Accordingly, the Debtor submits that ample cause exists to justify waiving the fourteen-day stay imposed by Bankruptcy Rules 6004(h) and 6006(d), in each case, to the extent that such stay applies to the relief requested herein.

## Notice

26. Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Massachusetts; (ii) counsel to the pre-petition lender; (iii) each of the Debtor's twenty (20) largest non-priority unsecured creditors; (iv) counsel to the debtor-in-possession lender; (v) any party that has asserted a lien against any of the Debtor's assets as of the date hereof; and (vi) all known taxing authorities which may assert claims against the Debtor; (vii) all persons and entities known by the Debtor to have expressed an interest in purchasing the Property; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002. Such notice constitutes sufficient and adequate notice of the Motion and the relief granted in this order pursuant

to the applicable Bankruptcy Rules and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts. The Debtor respectfully submits that no further notice of this Motion need be provided.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Proposed Order allowing this Modification Motion, substantially in the form attached hereto as **Exhibit A**; (ii) and grant such other and further relief to the Debtor as the Court may deem proper.

Dated: July 30, 2025

Respectfully submitted,

WATER'S EDGE LIMITED PARTNERSHIP,
By its counsel,

*/s/ Kathleen R. Cruickshank*
Kathleen R. Cruickshank (BBO #550675)
Murphy & King, Professional Corporation
28 State Street, Suite 3101
Boston, Massachusetts 02109
Telephone No.: (617) 423-0400
KCruickshank@murphyking.com

## **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
Eastern Division**

| | |
|---|---|
| In re:<br><br>**Water's Edge Limited Partnership**<br><br>Debtor. | **Chapter 11**<br><br>Case No. 24-12445-CJP |

**MODIFIED ORDER APPROVING SALE PROCEDURES,
AUTHORIZING THE DEBTOR TO DESIGNATE A STALKING HORSE
OFFEROR, AND GRANTING RELATED RELIEF**

Upon consideration of the *Debtor's Motion to Modify Order Approving Sale Procedures, Authorizing the Debtor to Designate a Stalking Horse Offeror, and Granting Related Relief* [Docket No. ___] (the "Modification Motion"), seeking modification of the *Order (I) Approving Sale Procedures for the Sale of the Sale Assets of the Debtor, (II) Authorizing the Debtor to Designate a Stalking Horse Offeror and to Seek Approval of Stalking Horse Offer Protections, (III) Scheduling a Selection Day and Approving the Form and Manner of Notice Thereof, (IV) Approving Assumption and Assignment Procedures, (V) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof, and (VI) Granting Related Relief [Docket No. 287]* entered on May 21, 2025 (the "Initial Sale Order") granting the *Debtor's Motion for Entry of Orders (I)(A) Approving Sale Procedures for the Sale of the Assets of the Debtor; (B) Authorizing the Debtor to Designate a Stalking Horse Offeror and to Seek Approval of Stalking Horse Offer Protections; (C) Scheduling a Selection Day and Approving the Form and Manner of Notice Thereof, Approving Assumption and Assignment Procedures, (D) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof, and (E) Granting Related Relief; and (II)(A) Approving the Sale Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket

No. 241] (the "Initial Sale Motion"),³ each filed by Water's Edge Limited Partnership, the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"); and the Court having reviewed the Modification Motion and any responses thereto; and the Court having considered the record in this Bankruptcy Case; and the Court having considered the statements of counsel and the evidence adduced with respect to the Modification Motion at a hearing before the Court on August 5, 2025 to consider certain of the relief requested in the Modification Motion (the "Hearing"); and after due deliberation, this Court having determined that the legal and factual bases set forth in the Modification Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Modification Motion is in the best interests of the Debtor, its estate, and its creditors, and the Debtor having demonstrated good, sufficient, and sound business justifications for the relief granted herein;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

  A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The predicates for the relief granted herein are sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

  B.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

  C.  Notice of the Modification Motion, and the proposed entry of this Modification Order, was sufficient under the circumstances of the Chapter 11 Case, and such notice complied with all applicable requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules. Accordingly, no other or further notice of the Modification Motion need be provided.

---

³ Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Modification Motion, the Initial Sale Order or the Sale Procedures, as applicable.

2

D.	The Debtor has articulated good and sufficient business reasons for the Court to approve the relief requested in the Modification Motion. Such good and sufficient business reasons, which were set forth in the Modification Motion, on the record of this Chapter 11 Case and on the record at the Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

E.	The Sale Procedures as set forth in the Initial Sale Motion and as modified by the Modification Motion are reasonably designed to ensure that the highest or otherwise best value is generated for the Debtor's assets.

F.	The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.	The Modification Motion is GRANTED as set forth herein.

2.	All objections to the relief granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled, and denied on the merits with prejudice.

3.	The Revised Sale Process is approved.

4.	The Debtor is authorized to utilize its business judgment to pursue the Revised Sale Process in accordance with the Sale Procedures pursuant to the Revised Timeline.

5.	The Debtor is authorized to further modify the Sale Procedures, the Revised Sale Process and the Revised Timeline as it deems necessary and appropriate in its business judgment to achieve the best outcome for the Debtor, the bankruptcy estate and all stakeholders.

6.	Except to the extent specifically modified by this Order, all terms of the Initial Sale

Order, including all agreements recited therein, continue to be applicable to the Debtor's sale efforts in all respects and remain in full force and effect as is if fully restated in this Order.

7. The Debtor continues to be authorized to select a Stalking Horse Offeror or Offerors, in accordance with the Sale Procedures, to file a Stalking Horse Motion, and to seek entry of a Stalking Horse Order, approving among other things the Stalking Horse Offer Protections at the Stalking Horse Hearing, all as set forth (and as such capitalized terms are defined) in the Initial Sale Order and the Sale Procedures, with the Debtor providing not less than 3 business days' notice to all parties in interest.

8. The Debtor is authorized to permit the Consultation Parties to continue to participate in the Revised Sale Process pursuant to the terms of the Initial Sale Order.

9. One business day following the Debtor's selection of the winning Transaction(s), the Debtor shall file a Notice of Selection that attaches the winning Transaction(s).

10. Upon the filing of the Notice of Selection, the Court will set an objection deadline regarding the Notice of Selection and schedule a hearing to approve the Transaction(s) within fourteen days, unless the Debtor demonstrates cause to shorten the time (the "_Sale Hearing_").

11. A hearing on the Disclosure Statement and Plan Confirmation shall be scheduled at the Sale Hearing.

12. Nothing in this Order shall (i) prevent the Debtor from, in the exercise of its fiduciary duties, pursuing or otherwise consummating an alternative transaction or (ii) obligate the Debtor to pursue or consummate any transaction.

13. Notwithstanding the applicability of any of the Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or any other provisions of the Bankruptcy Rules or the Local Rules stating to the contrary, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness and enforceability of this Order is

hereby waived.

14. The Debtor is authorized to take all steps necessary or appropriate to implement the relief granted in this Order.

15. This Order and the Initial Sale Order shall be binding on and inure to the benefit of the Debtor, including any Chapter 7 or Chapter 11 trustee or other fiduciary appointed for the estate of the Debtor.

16. This Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

17. To the extent any of the deadlines set forth in this Order do not comply with the Local Rules, such Local Rules are waived, and the terms of this Sale Procedures Order shall govern.

18. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: August ___, 2025

                                                        _____
                                                        Honorable Christopher J. Panos
                                                        United States Bankruptcy Judge

4909-7677-3208.1