**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
(Eastern Division)

| | |
|---|---|
| In re:<br><br>**WATER'S EDGE LIMITED PARTNERSHIP,**<br><br>Debtor. | Chapter 11<br>Case No. 24-12445-CJP |

**OBJECTION OF THE CITY OF REVERE TO PROPOSED**
**AMENDED AND RESTATED ORDER APPROVING SALE PROCEDURES**

The City of Revere (the "**City**") hereby objects to the *Proposed Amended and Restated Order Approving Sale Procedures, Authorizing the Debtor to Designate a Stalking Horse Offeror, and Granting Related Relief* [ECF No. 354]. The City previously objected to Water's Edge Limited Partnership's (the "**Debtor**") most recent *Third Motion to Extend Exclusivity* [ECF No. 328], which introduced the Debtor's current idea of selling some portion of its real estate after the Debtor failed to find a joint venture partner that it would accept. The City objects to the Proposed Revised Sale Procedures on multiple grounds, set forth below.

1. The Debtor's Proposed Revised Sale Procedures include a request that the Debtor be permitted to seek "financing to allow the Debtor to pay all claims except as otherwise agreed and to and fund necessary repairs and renovations of the Property." [ECF No. 354 p. 32]. This demonstrates that the Debtor remains unwilling to commit to a course of action and continues to cling to unrealistic expectations about the remediation needs of its properties. Notably, the Debtor asks to also leave open the possibility that it will enter a joint venture, despite the record demonstrating it has no ability or serious interest in doing so. By seeking the authority to pursue financing, despite claiming it seeks a sale, the Debtor demonstrates that there is a serious risk that this latest attempt to sell properties will

1

ultimately fail because the Debtor will be unwilling to accept reasonable offers. The Debtor cannot make up its mind about how to proceed because it is not proceeding in good faith and is not willing to accept the reality of the condition of its properties.

2. The City objects to the extensive flexibility sought in the Proposed Revised Sale Procedures. The proposal removes defined deadlines and replaces them with amorphous ranges of weeks. The Debtor additionally seeks the power to modify those "approximate" dates based on its own "exercise of its business judgment after consultation with Newmark." [ECF No. 354 p. 33]. This fails to set any clear, enforceable requirements for Debtor. This will prevent the Court and creditors from understanding whether Debtor is making progress. The Debtor should instead propose what it considers to be a reasonable schedule, then seek to amend it as may be necessary based on any unforeseen circumstances. The proposed Section VIII Reservation of Rights to Modify Revised Sale Procedures gives the Debtor exceptional flexibility to modify these procedures without notice to or approval by the Court. This is contrary to the "escape hatch" described by the Court. The Debtor's ability to unilaterally dictate the terms of its sale procedures without Court oversight and opportunities for intervention by Creditors cannot be allowed. The City notes also that the Debtor asks for authorization to extend duration periods in the already amorphous Revised Timeline "for all *or certain* Offerors." [ECF No. 354 p. 38] (emphasis added). The Debtor has not provided any justification for being able to unilaterally alter scheduling for particular Offerors, rather than provide uniform treatment to Offerors. This could be disruptive to the process of soliciting offers, even if notice is provided to Qualified Offerors as stated in the proposed terms.

3. The City objects to the Debtor implementing unspecified NDA terms, which could unnecessarily limit the ability of prospective bidders to fully evaluate the properties. This could limit the value of offers for purchases. The City also objects to this because the Debtor continues to blame the City for the Debtor's own business failures. Restricting information access is detrimental to prospective purchasers' ability to communicate, including potentially with the City. The Debtor has failed to demonstrate a sufficient business justification for entering unspecified NDAs with potential bidders.

4. The City objects to the Debtor's anticipated – but wholly flexible and amorphous – closing in mid-November. Minor delays in that timeline will push the closing into the Thanksgiving holiday. Accumulated delays would push this into end-of-year holidays. As mentioned above, the Debtor should instead set forth realistic deadlines that it believes are achievable. If extensions are later required, the Debtor could then seek those by motion. That process would allow oversight by the Court with opportunities for the creditors to object as appropriate.

5. The City objects that there is no deadline provided for the Debtor to designate a Stalking Horse. There was previously a deadline, but the Debtor seeks to eliminate it in these Proposed Revised Sale Procedures. [ECF No. 354 p. 36]. There needs to be some limitation on the Debtor's ability to designate a stalking horse. This amount of flexibility could be disruptive to the process of soliciting offers.

6. The City objects to allowing Carabetta Enterprises, Inc. ("CEI") to serve as a Consultation Party. The Debtor is aware of this issue and attempts to resolve it by providing that if CEI is a prospective offeror, it will be disqualified as a Consultation Party. This does not resolve the conflicts of interest that would arise from allowing CEI to participate in all of the

procedures prior to CEI potentially decided to become a prospective offeror – especially because the Proposed Revised Sale Procedures would allow the Debtor to extend deadlines at its discretion, including the ability to extend a deadline for CEI alone to make an offer beyond deadlines enforced on other offerors.

WHEREFORE, the City of Revere respectfully requests that the Court issue an order (a) requiring the Debtor to submit Proposed Revised Sale Procedures with new terms to address the objections set forth herein and (b) granting such further protection to the City as justice requires.

Respectfully submitted,
City of Revere,
By its attorneys,

/s/ Joshua M. Loveall
Paul M. Tellier, BBO #676203
Joshua M. Loveall, BBO #692161
Albert J. Moscone, BBO #694758
ptellier@dambrosiollp.com
jloveall@dambrosiollp.com
amoscone@dambrosiollp.com
D'Ambrosio, LLP
185 Devonshire Street, 10th Floor
Boston, MA 02110
Dated: August 19, 2025        T: 617-720-5657

## CERTIFICATE OF SERVICE

I, Joshua M. Loveall, Counsel for the City of Revere, hereby certify that on this date I caused a true and accurate copy of the foregoing document, including any exhibits and attachments thereto, to be served through the Court's CM/ECF system upon all registered electronic filers appearing in this proceeding. Further, on this day I caused the same to be served upon those persons who do not otherwise receive electronic notice.

/s/ Joshua M. Loveall
Joshua M. Loveall

DATED: August 19, 2025