**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
(Eastern Division)

| | |
|---|---|
| In re:<br><br>**WATER'S EDGE LIMITED PARTNERSHIP,**<br><br>Debtor. | Chapter 11<br>Case No. 24-12445-CJP |

### OBJECTION OF THE CITY OF REVERE TO PROPOSED ORDERS

The City of Revere (the "**City**") hereby objects to the multiple orders recently proposed by Water's Edge Limited Partnership (the "**Debtor**") as set forth below.

1. The City of Revere (the "City") objects to the *[Proposed] Further Order (I) Authorizing the Debtor to Obtain Junior Secured Postpetition Financing; (Ii) Granting Liens and Providing Superpriority Administrative Expense Status; (Iii) Authorizing Use of Cash Collateral; (Iv) Granting Adequate Protection; (V) Modifying the Automatic Stay; (Vi) Scheduling a Continued Hearing; and (Vii) Granting Related Relief* [ECF No. 392 at 4] (Exhibit A1/A2) on the grounds that it improperly and incorrectly refers to "**EVIDENCE SUBMITTED DURING THE HEARINGS**" (formatting in original, at page 4 of Exhibit A1) despite the lack of admitted evidence or evidentiary hearings in this matter.  The City reserves all rights.  The City disputes that the Debtor has submitted any evidence in response to the City's claim.  The City disputes that any evidentiary hearing has been held concerning the City's claim.

2. The City objects to the *Final Order (I) Authorizing the Debtor to Obtain Junior Secured Postpetition Financing; (Ii) Granting Liens and Providing Superpriority Administrative Expense Status; (Iii) Authorizing Use of Cash Collateral; (Iv) Granting Adequate Protection; (V) Modifying the Automatic Stay; (Vi) Scheduling a Continued Hearing; and (Vii) Granting Related*

1

*Relief* [ECF No. 392 at 20] (Exhibit B1/B2) on the grounds that it improperly and incorrectly refers to "**EVIDENCE SUBMITTED DURING THE HEARINGS**" (formatting in original, at page 4 of Exhibit B1)) despite the lack of admitted evidence or evidentiary hearings in this matter.  The City reserves all rights.  The City disputes that the Debtor has submitted any evidence in response to the City's claim.  The City disputes that any evidentiary hearing has been held concerning the City's claim.

3.  The City objects to the *Interim Order (I) Authorizing the Debtor to Obtain Junior Secured Postpetition Financing; (II) Granting Liens And Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; (VI) Scheduling a Continued Hearing; and (VII) Granting Related Relief* [ECF No. 393 at 3] (Exhibit A1/A2) and *Final Order (I) Authorizing the Debtor to Obtain Junior Secured Postpetition Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Status; (III) Authorizing Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; (VI) Scheduling a Continued Hearing; and (VII) Granting Related Relief* [ECF No. 394] on the grounds that it improperly and incorrectly includes an "estimated" amount of the City's claim (on page 16 of Exhibit A1/A2) which is less than the amount set forth on the City's claim ($3,818,463.24 as of December 5, 2024 as set forth in Claim 38).  Although the Proposed Interim Order notes that "The City of Revere disagrees with the Debtor's estimate of its claim," the City objects to inclusion of any unilaterally reduced claim amount in any order of this Court.  The City further objects to any actions of Debtor based on a reduced valuation of the City's claim as such acts are prejudicial to the City's claim.  The City reserves all rights.  Although the proposed terms of this interim order do not refer to any evidentiary hearing, for purposes of clarity of the record in this matter: (a) the City disputes that the Debtor

2

has submitted any evidence in response to the City's claim and (b) the City disputes that any evidentiary hearing has been held concerning the City's claim.

4. The City incorporates by reference its prior objections, including but not limited to its Objection to Proposed Amended and Restated Order Approving Sale Procedures [ECF No. 360].

WHEREFORE, the City of Revere respectfully requests that the Court, in issuing any of these orders, do so in a form (a) removing any reference to evidence that has not been admitted, (b) removing any reference to evidentiary hearings that were not held, (c) removing any reference or "estimate" of the City's claim as being less than the amount set forth in the City's claim; and (d) granting such further protection to the City as justice requires.

Respectfully submitted,
City of Revere,
By its attorneys,

*/s/ Joshua M. Loveall*
Paul M. Tellier, BBO #676203
Joshua M. Loveall, BBO #692161
Albert J. Moscone, BBO #694758
ptellier@dambrosiollp.com
jloveall@dambrosiollp.com
amoscone@dambrosiollp.com
D'Ambrosio, LLP
185 Devonshire Street, 10th Floor
Boston, MA 02110
T: 617-720-5657

Dated: September 10, 2025

**CERTIFICATE OF SERVICE**

    I, Joshua M. Loveall, Counsel for the City of Revere, hereby certify that on this date I caused a true and accurate copy of the foregoing document, including any exhibits and attachments thereto, to be served through the Court's CM/ECF system upon all registered electronic filers appearing in this proceeding. Further, on this day I caused the same to be served upon those persons who do not otherwise receive electronic notice.

                                                                          */s/ Joshua M. Loveall*
                                                                          Joshua M. Loveall

DATED: September 10, 2025