UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**WATER'S EDGE LIMITED PARTNERSHIP**<br><br>Debtor. | Chapter 11<br><br>Case No: 24-12445-CJP |

### SCHEDULING ORDER REGARDING OBJECTION TO CLAIM OF DIV OA LENDER, LLC [CLAIM NO. 16]

Pursuant to Federal Rule of Civil Procedure, Rule 26(f)(3), applicable to this proceeding pursuant to Bankruptcy Rule of Procedure Rule 7026, Water's Edge Limited Partnership, the above-captioned debtor and debtor-in-possession (the "Debtor") and DIV OA Lender, LLC ("DIV OA") (collectively, the "Parties") having conferred with respect to the Debtor's *Objection to Claim of DIV OA Lender, LLC [Claim No. 16]* [ECF No. 413] (the "Objection")[1] filed with respect to the proof of claim filed by DIV OA on February 12, 2025 (the "DIV OA Claim"); and good cause appearing, it is hereby ordered:

1. **Payoff Letter:** By December 31, 2025, DIV OA shall provide to the Debtor a payoff letter (the "Payoff Letter") assuming a January 8, 2026 closing (the "Closing") of the Sale.[2]

2. **Statement of Contested Issues:** By January 6, 2026, the Debtor shall file a statement (the "Statement of Contested Issues") identifying each item set forth in the Payoff Letter

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Objection.

[2] "Sale" is defined to mean the sale of substantially all of the Debtor's assets to E-T Ocean Ave, LLC as approved by the Court pursuant to the *Order (A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; (B) Approving the Purchase and Sale Agreement; (C) Approving the Assumption and Assignment of Assumed Contracts; and (D) Granting Related Relief* [ECF No. 495]. The Debtor counsel has indicated that the Sale is expected to close during the week of January 5, 2026. *See* ECF No. 500.

that the Debtor asserts remains disputed (the "Contested Issues"). DIV OA reserves all rights to request that the Court (i) determine, on an expedited basis, the extent to which there is a bona fide dispute as to each or any of the Contested Issues, and (ii) compel immediate payment for all Contested Issues as to which there is no bona fide dispute.

3. **Statement of Application of Funds Paid at Closing:** Within three (3) business days of Closing, DIV OA shall file a statement providing how DIV OA will apply the funds paid by the Debtor to DIV OA at Closing. All parties fully reserve their respective rights with respect to DIV OA's allocation of such amounts.

4. **DIV OA Fee Application**: By January 22, 2025, DIV OA shall file a fee application (the "Fee Application") for the services of its counsel, Holland & Knight, LLP ("H&K"), for the period from December 4, 2024 through December 31, 2025 which complies with the requirements of MLBR 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts. The Debtor's right to object to additional fees incurred by DIV OA on and after January 1, 2026 are preserved.

5. **Supplemental Objection**: By February 23, 2026, the Debtor shall file any objection to the DIV OA Fee Application and any supplemental objection (the "Supplemental Objection") to the DIV OA Claim; provided, however, that the Supplemental Objection may only relate to those issues the Debtor has identified in the Statement of Contested Issues.

5. **DIV OA's Reply to Objection to Fee Application**: By March 2, 2026, DIV OA shall file any reply to the Debtor's objection to the Fee Application. DIV OA may request a hearing and ruling on the Fee Application to be held as soon as practicable at the Court's convenience, regardless of whether the Objection remains pending.

7. **Cooperation:** The Parties and counsel shall cooperate during all aspects of discovery. Failure by any Party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under Fed. R. Civ. P. 37.

8. **Duty to Preserve Evidence**: The Parties shall preserve evidence relevant to the issues raised by the pleadings, including electronically stored information. Each counsel shall confer with its client regarding the duties of Parties to preserve evidence and the provisions of Fed. R. Civ. P. 37(e).

9. **Proportionality in Discovery**: Pursuant to Fed. R. Civ. P. 26(b)(1) and 26(g), the discovery in this case shall be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the Parties' relative access to relevant information, the Parties' relative resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

10. **Initial Disclosures**: The Parties shall exchange their Rule 26(a)(1) initial disclosures on March 9, 2026.

11. **Discovery:**
    A. Parties shall complete discovery by June 9, 2026.
    B. Expert disclosures shall be served on or before July 10, 2026.
    C. Expert depositions shall be completed on or before August 30, 2026.

12. **Dispositive Motions:** Dispositive Motions, if any, shall be filed on or before September 30, 2026.

13. **Discovery-Related Disputes and Motions:** Pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), no discovery-related motion may be filed unless the moving Party has attempted in

good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve it informally. The request must be made by filing a one-page written request with the Court that contains only a general summary of the issues to be discussed. Any request for a pre-motion conference shall not contain argument. No response to the request should be filed unless directed by the Court. If the Court does not grant the request for a pre-motion conference, or if the conference fails to resolve the dispute, a discovery motion may be filed.

14. **Joint Pretrial Statement:** Joint Pretrial Statement shall be filed 14 days after the resolution of any Dispositive Motion filed pursuant to paragraph 12 of this Order or, if no Dispositive Motion is filed, October 28, 2026.

Dated: January 9, 2026

By the Court,

*[signature]*

Christopher J. Panos
United States Bankruptcy Judge