UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

WATER'S EDGE LIMITED
PARTNERSHIP

            Debtor

Chapter 11
Case No. 24-12445-CJP

**OBJECTION OF CARABETTA ENTERPRISES, INC. TO DIV OA LENDER LLC'S**
**APPLICATION FOR ALLOWANCE OF POSTPETITION FEES AND EXPENSES**
*[Docket #530]*

Carabetta Enterprises, Inc. ("CEI"), the largest unsecured creditor in the Chapter 11 case

of Water's Edge Limited Partnership (the "Debtor"), files this Objection to *DIV OA Lender*

*LLC's Application For Allowance of Postpetition Fees and Expenses* dated January 22, 2026

[Docket No. 530] (the "DIV OA Fee Application").  The DIV OA Fee Application requests the

entry of an order from this court: (1) allowing postpetition legal fees and expenses of DIV OA

Lender LLC's ("DIV OA") legal counsel, Holland & Knight, LLP ("H&K") of $744,411.75, an

amount calculated at hourly rates higher than the hourly rates DIV OA agreed to pay H&K under

their written fee agreement, and (2) authorizing payment from the Debtor's bankruptcy estate to

DIV OA of $669,986.40, an amount calculated at the hourly rates DIV OA agreed to pay H&K

under their written fee agreement.

CEI objects to the DIV OA Fee Application on the ground that DIV OA has no basis –

under either state law or section 506(b) of the Bankruptcy Code -- to seek from this Court an

Order "allowing" legal fees in an amount *greater than* DIV OA agreed to pay H&K under their

written fee agreement.  DIV OA's request for entry of a court order allowing its fees in an

amount greater than anyone agreed to pay it is a ruse to overcome the contractual limitations in

#6174061v1

the Loan Documents[1] that permit DIV OA to collect from CEI (a guarantor under the Loan Documents) only legal fees and expenses that DIV OA *actually incurs*.

Curiously, the DIV OA Fee Application is filed under the name of DIV OA rather than under the name of H&K, contrary to MLBR 2016-1 that requires that an application for compensation, including one filed under section 506(b) of the Bankruptcy Code (the "Code"), be filed by a "Professional."  By filing the instant application for postpetition fees and expenses in its own name and seeking entry of an order "allowing" fees and expenses in an amount greater than the costs it has incurred, DIV OA seeks to pursue litigation in state court unfamiliar with bankruptcy issues to collect additional funds unsupported by any underlying contract. Accordingly, CEI objects to the entry of any order that allows the fees and expenses of H&K at a rate greater than the agreed discounted rate set forth in the written fee agreement between DIV OA and H&K.  In further support of this Objection, CEI states:

## FACTUAL BACKGROUND

1.      On December 5, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court, United States Bankruptcy Code (the "Code"), District of Massachusetts, Case No. 24-12445-CJP.

2.      The Debtor continues to operate as a debtor-in-possession under sections 1107 and 1108 of the Code.

3.      On February 12, 2025, DIV OA filed a proof of claim asserting a secured claim in the amount of $16,685,484.38 based on a loan statement attached to the proof of claim dated December 4, 2024 (Claim No. 16).

---

[1] Defined Term in this Reservation of Rights shall have the same meaning as set forth in the DIV OA Proposed Allocation of Funds.

#6174061v1

4.      On September 23, 2025, the Debtor filed an Objection to DIV OA's Proof of Claim for the purpose of establishing the amount to be paid to DIV OA from the proceeds of the Debtor's anticipated Section 363 sale of its property (Docket No. 413).

5.      On January 9, 2026, the Court entered a Scheduling Order Regarding Objection to Claim of DIV OA Lender (Docket No 519) (the "Scheduling Order").

6.      The Scheduling Order sets forth various deadlines for the Debtor and DIV OA to clarify and narrow areas of dispute, including a deadline for DIV OA to file the DIV OA Proposed Application of Funds.

7.      On January 14, 2026, DIV OA filed the DIV OA Proposed Application of Funds (Docket No. 524).  In footnote 2 of the DIV OA Proposed Application of Funds DIV OA states that it "…reserves all rights to recover *all amounts due without discount* from the Debtor's co-borrowers under the Loan Documents…". (Docket No. 524, p. 3, footnote 2) (emphasis added).[2]

8.      It was initially unclear to CEI what the term "…*all amounts due without discount*…" set forth in the DIV OA Proposed Application of Funds refers to, as the footnote neglects to identify basic contractual terms, including the identity of the relevant document, the parties to the document, or the date of the document.

9.      Upon the filing of the DIV OA Fee Application on January 22, 2026, it became clear to CEI that DIV OA now seeks the entry of an order from this Court allowing H&K's attorneys' fees and expenses in an amount **greater than** DIV OA agreed to pay H&K for legal services H&K rendered in this case.  As grounds for this position, DIV OA relies on the relevant provision of the Amended and Restated Promissory Note in the original principal amount of

---

[2] CEI is a Guarantor, not a co-borrower.

#6174061v1

$18,292,206.14 executed by the Debtor dated March 20, 2020 (the "A&R Note") that reads set

as follows:

> **Promise to Pay**. For value received, intending to be legally bound, Borrower promises to pay to the order of the [Lender], on the dates set forth below, the principal sum of Eighteen Million Two Hundred Ninety Town [*sic*] Thousand Two Hundred Six and 14/100 Dollars ($18,292,206.14) (the 'Principal Amount') plus interest as agreed below, all payments required by [Lender] to fund any escrow accounts for the payment of taxes, insurance and/or other charges (collectively, 'Escrow'), **and all fees and costs (including without limitation attorneys' fees and disbursements** whether for internal or outside counsel) **the [Lender] incurs** in order to collect any amount due under this Note, to negotiate or document a workout or restructuring, or to preserve its rights or realize upon any guaranty or other security for the payment of this Note ("Expenses"). (**emphasis added**).

The terms of the A&R Note do not support DIV OA's position that it can recover fees and

expenses greater than that which it incurred.  In fact, the plain language of the A&R Note states

unambiguously that the Debtor and CEI are obligated to pay principal, interest, and attorneys'

fees and costs to the extent *actually incurred* by DIV OA, and nothing more.

10.     Notwithstanding the plain language of the A&R Note, the DIV OA Fee

Application seeks the entry of an order from this Court for the "allowance" of legal fees of

$744,411.75, calculated at hourly rates greater than the rates DIV OA agreed to pay under its

written fee agreement with H&K, while seeking authority to pay DIV OA $669,986.40,

calculated at the hourly rates DIV OA agreed to pay H&K under their written fee agreement.

11.     There is no legal basis under either state law or section 506(b) of the Code to

support the entry of an order "allowing" fees and expenses at hourly rates greater than the hourly

rates the client agreed to pay counsel under their written fee agreement.  In fact, the existence of

a written agreement to pay the professional at an agreed rate is a *prima facie* element for the

entry of any order allowing a professional's fees and expenses.  Courts in this district require an

4

#6174061v1

applicant to satisfy the following four conditions for allowance of the applicant's attorneys' fees and expenses under section 506(b) of the Code:

A. The creditor has an allowed secured claim;

B. The value of the collateral exceeds the principal amount of the claim and any charges allowed under § 506(c) by enough to permit payment of the fees;

C. The underlying agreement between debtor and creditor provides for payment of the fees requested; and

D. The requested fees are reasonable. *See 1095 Commonwealth Ave. Corp.*, 204 B.R. 284, 289 (Bankr. Mass. 1997).

As noted by the Court in *1095 Commonwealth Ave. Corp.*, with facts similar to this case, DIV OA's argument is "…an attempt to couch in legitimacy what is in essence the illegitimate practice of billing the borrower for more than the lender is liable…". Id at 293. Simply put, DIV OA may collect from CEI or any guarantor only the fees and expenses it actually incurs, and nothing more.

12. Accordingly, the Court should deny DIV OA's request for the entry of an order "allowing" fees and expenses at hourly rates greater than the hourly rates at which DIV OA agreed to pay H&K under their written fee agreement.

13. CEI further joins with the Debtor in support of the arguments raised in its separate Objection to the DIV OA Fee Application of even date herewith [Docket No. 605].

#6174061v1

WHEREFORE, Carabetta Enterprises, Inc. objects to the entry of any order allowing the

DIV OA Fee Application at hourly rates greater than the hourly rates DIV OA agreed to pay

H&K under their written fee agreement and for such other and further relief as the Court deems

just and proper.

Respectfully submitted,

CARABETTA ENTERPRISES, INC.

By its Attorneys,

*/s/ George W. Tetler III*
Michael P. Angelini, BBO #01943
George W. Tetler III, BBO #495140
Mark W. Powers, BBO #555337
**PRINCE LOBEL TYE LLP**
120 Front Street, Suite 830
Worcester, MA 02114
Tel: (508) 318-1746
mangelini@princelobel.com
gtetler@princelobel.com
mpowers@princelobel.com

Dated: March 23, 2026

6

#6174061v1

**<u>Certificate of Service</u>**

I hereby certify that on March 23, 2026, I electronically filed the foregoing document

through the Court's ECF system that provides electronic notice on all parties receiving notice

through the Court's CM/ECF system, including counsel to the Debtor, and the list of creditors

attached hereto by electronic mail.

*/s/ George W. Tetler III*
George W. Tetler III

#6174061v1

**VIA CM/ECF**

| | |
|---|---|
| Sara Kathryn Jackson, Counsel to U.S. Trustee | sara.kathryn.jackson@usdoj.gov |
| Richard King – B - Counsel to U.S. Trustee | USTPRegional01.BO.ECF@USDOJ.GOV |
| Tung-Yu Charlie Liu | Charlie.liu@gtlaw.com |
| John J. Monaghan, Counsel to Lender | Bos-bankruptcy@hklaw.com; hapi@hklaw.com |
| Kathleen Morris St. John, Counsel to Lender | Kathleen.stjohn@hklaw.com |
| Albert J. Moscone, Counsel to City of Revere, Municipal Lien Creditor | amoscone@mosconelawboston.com |
| Lynne B. Xerras, Counsel to Lender | Lynne.xerras@hklaw.com |
| Kathleen R. Cruickshank, Counsel to Debtor Water's Edge Limited Partnership<br><br>Harry Murphy, Counsel to Debtor Water's Edge Limited Partnership | kcruickshank@murphy.king.com;<br><br>hmurphy@murphyking.com<br><br>bankruptcy@murphyking.com;<br>kflynn@murphyking.com;<br><br>ecf-f3829d9f3bd3@ecf.pacerpro.com;<br>aspanos@murphyking.com |

**VIA EMAIL**

**Top 20 Largest Unsecured Creditors**

| | |
|---|---|
| AFA PROTECTIVE SYSTEMS, INC. | JLEES@AFAP.COM |
| AFFORDABLE MOLD DUCT CLEAN | GUYOLIVER1975@GMAIL.COM |
| A & K PLUMBING AND HEATING INC. | AKPLUMBING@GMAIL.COM |
| AIREX FILTER | sales@airexco.com |
| BAYSTATE PROPERTY MANAGEMENT | JOSEPH.CARABETTA@CARABETTA.COM |
| CARABETTA ENTERPRISES INC. | SCARABETTA@CARABETTA.COM |
| CMC HEALTH CARE | JOSEPH.CARABETTAJR@CARABETTA.COM |
| CMC SUPPLIES INVENTORY | SARA.ESTABROOK@CARABETTA.COM |
| B & B PEST CONTROL | INFO@BBPEST.COM |
| BBE CORPORATION - BUCKLEY ELEV | LMORRILL@BUCKLEYELEVATOR.COM |
| BIGELOW ELECTRIC CO., INC. | BOBBIE@BIGELOWELEC.COM |

8

| | |
|---|---|
| BROWN RUDNICK, LLP | LCHARRON@BROWNRUDNICK.COM |
| CARPETS PLUS, INC | CUSTOMER.SERVICE@CARPETS-PLUS.NET |
| CITY OF REVERE | dmasiello@revere.org |
| COASTAL CARPET | BSPELLMAN@COASTALCARPETINC.COM |
| COMBUSTION POWER EQUIPMENT | COMBUSTION.POWER200@GMAIL.COM |
| CONST OFFICE OF DESROS ASSOC. | INFO@DESROSIERSASSOCIATES.COM |
| DANIEL R. LONG, CONSTABLES | CAPTDAN3@AOL.COM |
| DENTERLEIN | NIANNUCCI@DENTERLEIN.COM |
| DOMAIN NETWORKS | INFO@DOMAINNETWORKS.COM |
| DUSTBUSTERS | HSGDUST@AOL.COM |
| ENV DESIGN ENGINEERING CORP INC. | ede@edemep.com |
| FIRST INSURANCE FUNDING | firstinsite@firstinsurancefunding.com |
| GRAINGER | CARLI.MESTAS@GRAINGER.COM |
| THE GUARD ALLIANCE | ACCOUNTING@THEGUARDALLIANCE.COM |
| HENSON FIRE | JOHN@HENSONFIRE.COM |
| HEXATRAC OF BOSTON, INC. | hexatracofboston@gmail.com |
| INTREPID | ctenaglia@intrepid-usa.com |
| JENSEN HUGHES | scott.sutherland@jensenhughes.com |
| JOHN'S SEWER & DRAIN | lcox@johnsewer.com |
| JUNCTION MECHANICAL | JUNCTIONSERVICE@YAHOO.COM |
| M CLEANING & PAINTING | mcleaningepainting@gmail.com |
| MAGUIRE EQUIPMENT | MAGEQUIP1@AOL.COM |
| MAMMOTH FIRE PROTSYSTEMS INC | billy.pappas@mfpflow.com |
| MERRIFIELD PAINT | merrifieldpaint@yahoo.com |
| MILHARMER ASSOCIATES INC | BBLAKE@MILHARMER.COM |
| NATIONAL GRID GAS | monica.booth@nationalgrid.com |
| NATIONAL GRID ELECTRIC | JEFFREY.EVANCHAK@NATIONALGRID.COM |
| NUTTER, MCCLENNEN & FISH, LLP | NMYERS@NUTTER.COM |

#6174061v1

| | |
|---|---|
| PARHAM POULADDEJ | PARHAM.POULADDEJ@GMAIL.COM |
| PROXIMA MANAGEMENT | INFO@PROXIMAMANAGEMENT.COM |
| REPUBLIC SERVICES | CustomerCareRequest@republicservices.com |
| REVERE FIRE DEPARTMENT | AVOZZELLA@REVERE.ORG |
| RUSSO, FRYE & ASSOCIATES, LLP | RRUSSO@RUSSOFRYELLP.COM; dfrye@russofryellp.com |
| RYBO | RYBOSNOW@GMAIL.COM |
| S & N LOCK & KEY | shally@verizon.net |
| SERVICE MAINTENANCE | jennie.simmons@carabetta.com |
| STEVENSON CONSULTING | JEFF@STEVENSON-CONSULTING.NET |
| SOUTHCOAST M&S | OFFICE@SOUTHCOASTMOVINGANDSTORAGE.COM |
| TECO'S TRASH REMOVAL | feliciooliveira2019@gmail.com |
| WENDY FISCUS on behalf of THE DAVIS GROUP & DV OA LENDER, LLC | WFISCUS@NUTTER.COM |
| TRIPLE M MOVERS | TRIPLEMMOVERS98@GMAIL.COM |
| VALERE ARCHITECTS | MO@VALEREARCHITECTS.COM |
| WILLIAMSON PUMP & MOTOR | daver@weco-group.com |
| WSMD, INC. | RICH@WESTSIDEMETALDOOR.COM |
| | |

**Counsel to DIP Lender**

| | |
|---|---|
| Greenberg Traurig, LLP | Jeffrey.wolf@gtlaw.com; greerb@gtlaw.com |

**Governmental Units**

| | |
|---|---|
| Internal Revenue Service | Jeffrey.h.reynolds@irs.gov |
| Massachusetts Department of Revenue | murphys@dor.state.ma.us |

#6174061v1