## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| **In re:**<br><br>**WATER'S EDGE LIMITED PARTNERSHIP,**<br><br>**Debtor** | **Chapter 11**<br>**Case No: 24-12445-CJP** |

## OBJECTION TO CLAIM OF GABRIEL CASTANO, DIANA GARCIA AND SARA MEJIA
## [CLAIM NO. 34-1]

Water's Edge Limited Partnership, the above-captioned debtor (the "Debtor") as

reorganized under the *Modified Plan of Liquidation of Water's Edge Limited Partnership* [ECF

No. 539], hereby objects, pursuant to 11 U.S.C. §§502(b)(1) and (b)(4), Federal Rule of

Bankruptcy Procedure 3007, and Massachusetts Local Bankruptcy Rule 3007-1, to claim number

34-1 (the "Claim") filed by Gabriel Castano, Diana Garcia and Sara Mejia (the "Claimants").

In further support thereof, the Debtor states as follows:

### Background

1.      On December 5, 2024 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under Chapter 11 of 11 U.S.C. §§101 *et. seq.* (the "Bankruptcy Code").

2.      The Debtor previously owned and operated the apartment buildings known as the

Water's Edge Apartments located at 364 Ocean Avenue, 370 Ocean Avenue, and 388 Ocean

Avenue with a total of approximately 303 apartment units situated on a 4.95-acre site in Revere,

Massachusetts (collectively, the "Property").

3.      The factual background regarding the Debtor, including its business operations,

its capital and debt structures, and the events leading to the filing of this chapter 11 case, is set

forth in detail in the *Amended Declaration of Evelyn Carabetta in support of the Debtor's*

*Chapter 11 Petition and First Day Motions* [doc. no. 36] (the "First Day Declaration"), which is

incorporated by reference herein.

### The Claim

4.       Prior to the Petition Date, the Debtor filed a lawsuit for non-payment of rent

styled *Water's Edge Limited Partnership vs. Sara Mejia*, et al, Case No. 19H84SP002966, and

the Claimants filed a counterclaim.

5.       On February 14, 2025, the Claimants filed the Claim asserting an unsecured claim

in the amount of $182,342.25. Of that amount, $2,300 was asserted as a priority claim under 11

U.S.C. § 507(a)(7) and the balance was asserted as an unsecured, non-priority claim.

### Objection to Claim

6.       The Debtor objects to the Claim as set forth herein.

7.       The Claim should be disallowed in its entirety because:

a.  The Debtor initiated a summary process (eviction action) against the

Claimants, in 2019 for unpaid rent.  (Docket Sheet attached as Exhibit A

19H84SP002966 *Water's Edge, L.P. vs. Mejia, Sara* et al).

b.  In such action, the Debtor has a claim for back rent in the amount of

approximately $63,000.00.

c.  The Claimants moved out of the property in January of 2020, just before the

scheduled jury trial, and all claims were transferred to the Eastern Housing

Court's regular civil docket.  19H84CV000811 *Water's Edge, L.P. v. Castano,*

*Gabriel et al.*

d.  The Claimants have taken no action with respect to their counterclaims from

March 24, 2020 (which was the originally scheduled jury trial date until

suspension due to the COVID-19 pandemic) through November 1, 2024,

2

whereby the Claimants filed a request on November 1, 2024 requesting a status hearing. (Civil docket sheet attached as Exhibit B.)

e. This delay of over four years was dilatory in nature and should not be rewarded with a windfall.

f. The Debtor filed an amended claim for back rent totaling $63,133.10, exclusive of late fees, attorneys' fees and costs. (Exhibit C.)

g. Any security deposit (the purported priority claim asserted by Claimants) was applied to the amounts owed and is not due to Claimants.

h. The reason for the Claimants' sleeping on their rights was likely due to the sizeable nature of the arrears they left owing to the Debtor when they vacated the apartment.

i. They also purchased a condominium unit for $210,000.00, with money obtained from "rent-withholding." (Exhibit D.)

j. Asserting a claim of $182,342.25 is a fantastical figure in light of the rent owed to the Debtor as well as the rather generic nature of the underlying counterclaims, which are related primarily to breach of warranty of habitability and breach of quiet enjoyment. (Castano's Answer & Counterclaim attached as Exhibit E.)

k. With respect to damages for breach of warranty of habitability, the value of the claim "would be the difference between the value of the dwelling as warranted (the rent agreed on may be evidence of this value) and the value of the dwelling as it exists in its defective condition." *Boston Housing Authority v. Hemingway*, 363 Mass. 184, 203 (1973).

3

l. The Debtor denies the Claimants' factual assertions with respect to such claims, calls upon the Claimants to prove the same, and even if such claims were to have merit, the diminution in value would be minimal with respect to the property.

m. While the Debtor acknowledges that there was a period where it had no functioning elevators at the property, the Housing Court has previously determined similar claims made by other tenants and has awarded nominal or de minimus damages to the tenants.

n. For the sake of comparison, in the matter of *Water's Edge Limited Partnership v. Amal Faiq and Hamza Rhioui*, 19H84SP002310, which dealt with similar claims of issues with common areas, (e.g. elevator problems, pool closures, and problems with laundry,) the Court gave an abatement of only 15% of rent paid for such timeframe, did not find any breach of quiet enjoyment, and awarded the tenants only $12,647.06 in damages, and no attorneys' fees, for tenants who paid a rent of $1,835.00 per month. (Decision attached as Exhibit F.)

8. As is set forth herein, the Claimants' claim of diminution of value of the dwelling could not possibly surpass the amount of the rent owed to the Debtor.

9. As such, the Debtor requests that the Court disallow the Claim in its entirety.

### Reservations of Rights

10. The foregoing objections to the Claim are without prejudice to any other rights of the Debtor.

11. Nothing in this objection constitutes a waiver of any right of the Debtor to assert claims or causes of action against the Claimants or any other party including, without limitation,

4

the right to commence avoidance actions pursuant to 11 U.S.C. §§ 544-551, or any rights of setoff or recoupment.

12.     Nothing in this Objection shall constitute a waiver of any right of the Debtor to object to any other claims asserted against the Debtor by the Claimants not included within the Claim, or to supplement, amend, or assert additional objections to the Claim, or any additional amounts claimed by Claimants.

13.     The Debtor objects to any misfiled claims, misplaced claims, claims filed after the Debtor's review of the claims on file with the Court and all other unknown claims of Claimants against the Debtor, regardless of their amount or any request for priority, administrative or secured treatment.

**WHEREFORE**, based upon the foregoing, the Debtor respectfully requests that the Court enter an order:

a.      Sustaining this objection and disallowing the Claim; and

b.      Granting such other and further relief as is necessary and proper under the circumstances.

5

WATER'S EDGE LIMITED PARTNERSHP,

By Special Real Estate Counsel,

David Frye (BBO #687424)
Russo, Frye, & Associates, LLP
2 Oliver Street, Suite 612
Boston, Massachusetts 02109
Telephone No.:  (617) 542-7700
Email:  dfrye@russofryellp.com

DATED:   April 22, 2026

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

In re:

**WATER'S EDGE LIMITED
PARTNERSHIP,**

       **Debtor**

**Chapter 11
Case No: 24-12445-CJP**

## CERTIFICATE OF SERVICE

I, David Frye, Esq., hereby certify that on April 22, 2026, I caused a copy of the Objection to Claim of Gabrielle Castano, Diana Garcia and Sara Mejia [Claim No. 34-1] to be served via this Court's CM/ECF System, and I served a copy via first class mail and electronic mail as indicated on the attached list.

David Frye (BBO #687424)
Russo, Frye, & Associates, LLP
2 Oliver Street, Suite 612
Boston, Massachusetts 02109
Telephone No.: (617) 542-7700
Email: dfrye@russofryellp.com

Dated: April 22, 2026

7

**VIA CM/ECF**

- William R. Baldiga
- Charles R. Bennett

- Marc Chapdelaine
- Christine E. Devine

- David Frye
- Sara Kathryn Jackson
- Richard King - B

- Tung-Yu Charlie Liu
- John J. Monaghan

- Kathleen Morris St. John
- Albert J. Moscone Revere,
- Harold B. Murphy
- Mark W. Powers

- Angelina M. Savoia

- George W. Tetler

- Michael Van Dam
- Conner B Verreaux
- Lynne B. Xerras

wbaldiga@brownrudnick.com; hcohen@brownrudnick.com
cbennett@murphyking.com; bankruptcy@murphyking.com;
ecf-ca5a5ac33a04@ecf.pacerpro.com
marc@chapdelainelaw.com
christine@nicholsondevine.com;
devine.christiner109603@notify.bestcase.com;
angelina@nicholsondevine.com;
christine_492@ecf.courtdrive.com
dfrye@russofryellp.com
sara.kathryn.jackson@usdoj.gov (Counsel to U.S. Trustee)
USTPRegion01.BO.ECF@USDOJ.GOV
(Counsel to U.S. Trustee)
charlie.liu@gtlaw.com
bos-bankruptcy@hklaw.com , hapi@hklaw.com
(Counsel to Lender)
kathleen.stjohn@hklaw.com (Counsel to Lender)
amoscone@mosconelawboston.com (Counsel to City of
Municipal Lien Creditor)
hmurphy@murphyking.com kflynn@murphyking.com
mpowers@princelobel.com, norourke@princelobel.com
(Counsel to Carabetta Enterprises, Inc.)
angelina@nicholsondevine.com;
angelina@ecf.courtdrive.com
gtetler@princelobel.com, btaylor@bowditch.com
(Counsel to Carabetta Enterprises, Inc.)
mvandam@vandamlawllp.com
cverreaux@murphyking.com
lynne.xerras@hklaw.com (Counsel to Lender)

**VIA FIRST CLASS MAIL AND ELECTRONIC MAIL**

Gabriel Castano
Diana Garcia
Sara Mejia
c/o Martin Flax, Esq.
4 Kings Court
Dedham, MA 02026
flaxlaw@gmail.com

8