## 2022-J-0464 - Notice of Docket Entry

**Appeals Court Clerk's Office**
**<AppealsCtClerk@appct.state.ma.us>**

Mon 8/29/2022 12:07 PM

To: Eastern Housing Court. <easternhousingcourt@jud.state.ma.us>

-COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT CLERK'S OFFICE

August 29, 2022

RE: No. 2022-J-0464
Lower Ct. No.: 22H84CV000398

JUSTIN BEANS
vs.
WATER'S EDGE LIMITED PARTNERSHIP

NOTICE OF DOCKET ENTRY

Please take note that on August 29, 2022, the following entry was made on the docket of the above-referenced case:

ORDER (RE#1): I have reviewed the landlord's motion under Mass. R.A.P.6(a) for a stay of the preliminary injunction pending appeal, the landlord's supporting materials, and the tenants' and landlord's memoranda filed in response to my 8/25/22 order. I have also taken judicial notice of the record in the predecessor single justice matter, Beans v. Water's Edge LP, No. 22-J-423. Although under rule 6(a)(1) a stay must ordinarily be sought in the

trial court in the first instance, the landlord's motion represents, and an assistant clerk of this court has confirmed, that the Housing Court judge is unavailable until 9/8/22, and thus an application to the trial court is not practicable in light of the preliminary injunction's short compliance deadlines. Based on the necessarily abbreviated arguments of the parties, I will allow the motion for a stay pending appeal, for the following reasons, and will order the appeals consolidated and expedited.

1. The parties do not cite, and I do not see, anything in the implied warranty of habitability, the State sanitary code, the covenant of quiet enjoyment, or any other provision of law, or of any lease pertinent here, that requires the landlord, when unable to maintain a residential rental unit in compliance with those provisions, to provide or pay for an alternative housing unit for the affected tenant. I thus see no authority for a permanent injunction requiring the landlord to do so. Such a tenant's remedies appear to be limited to damages attributable to diminished or lost use of the rented unit (which in some circumstances might include compensation for a displaced tenant's alternative housing expenses), injunctive orders with respect to that unit (such as to make repairs or cease violating the covenant of quiet enjoyment), withholding of rent for that unit, and the like, as well as whatever other remedies pertinent statutes may specifically provide. See generally Restatement (Second) of Property, Land. & Ten. s.s. 5.4, 10.2(4) (1977).

2. The parties do not cite, and I do not see, any statutory or common law authority for a preliminary injunction requiring the landlord to provide or pay for an alternative housing unit for the affected tenant, in order to prevent irreparable harm to the tenant, until such time as the landlord is again able to provide the

originally-rented unit in compliance with the provisions mentioned above. That is, in this context at least, I see no authority for a preliminary injunction to order relief different in kind from and more extensive than what could be ordered in a permanent injunction based on the same claims. Notwithstanding the Housing Court's ample equitable jurisdiction in the housing field, see G.L. c. 185C, s. 3, injunctive relief generally serves to require compliance with a party's existing legal duties, not to impose new duties on that party. A landlord agrees and has a duty to provide the specific leased or rented premises in proper condition for the tenant's use and quiet enjoyment, not generally to provide some premises in that condition even if the premises at the specified location become unavailable.

3. I am also concerned that the plaintiffs have not filed any complaint(s) or other document(s) in the trial court that articulate their legal claims and the relief to which they are entitled based on such claims. It is difficult for a trial court judge or appellate judge to properly and systematically evaluate their likelihood of success on the merits of their claims, when the claims themselves are not clearly defined. The plaintiffs cite no authority for a judge to issue a preliminary injunction in the absence of such a complaint or equivalent document. Under G.L. c. 185C, s. 19, "[p]roceedings shall be commenced in the housing court department as follows: ... a civil action in accordance with the Massachusetts Rules of Civil Procedure." Under Mass. R. Civ. P. 3, a civil action is commenced by submitting a complaint to the clerk of court by various means. Under Mass. R. Civ. P. 7(a), "[t]here shall be a complaint and (except as provided by law) an answer." There is no tension between the Housing Court's equitable jurisdiction and the requirements of orderly procedure; both may simultaneously be given full scope. While some informality in pleading might be

tolerated when a party seeks a temporary restraining order (TRO) in emergency circumstances, what is at issue here is a preliminary injunction issued more than 3 weeks after the first filings in the trial court. In tenant Beans's case those initial filings were his two-page affidavit and a form TRO application asking only that the landlord be restrained from refusing to provide or pay for housing while Beans is displaced, but without asserting any legal claims or basis for the relief. The tenants have taken no action since that time to file a properly denominated complaint or other document that would put their cases on an established and orderly course toward final resolution under the rules of civil procedure -- rules that provide predictability and fairness to defendants as well as plaintiffs. I do not rely

on this point in allowing a stay pending appeal, in part because the landlord did not object on these grounds in the Housing Court or in its initial motion for a stay. Nevertheless, I note that the tenants could likely moot this issue by promptly filing a complaint or complaints.

4. "An appellant seeking a stay pending appeal must ordinarily meet four tests: (1) the likelihood of appellant's success on the merits; (2) the likelihood of irreparable harm to appellant if the court denies the stay; (3) the absence of substantial harm to other parties if the stay issues; and (4) the absence of harm to the public interest from granting the stay." C.E. v. J.E., 472 Mass. 1016, 1017 (2015), quoting J.W. Smith & H.B. Zobel, Rules Practice s. 62.3, at 409 (2d ed. 2007). I do not view these as four separate tests, each of which the appellant must meet; rather, "because the request for a stay addresses the court's discretion, the judge must in a very real sense 'balance the equities' and consider each factor not only by itself, but in relation to all the others." Smith & Zobel, id. Similarly, when a preliminary injunction is sought, "[w]hat matters

as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue." Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). When a defendant appeals a preliminary injunction entered against it, if "the plaintiffs have not shown a likelihood of succeeding on their claim ... , we do not reach the question whether the preliminary injunction appropriately balances the irreparable harm to each party, or promotes the public interest. '[T]he preliminary injunction cannot survive if the plaintiffs are unlikely to succeed on the merits.'" Garcia v. Department of Hous. and Community Dev., 480 Mass. 736, 754 (2018), quoting Fordyce v. Hanover, 457 Mass. 248, 266-267 (2010). I conclude that the tenants here are unlikely to succeed on the merits of any claims for injunctive relief alluded to in their filings in the record before me. If, applying as I do the standards of
review set forth in Garcia, 480 Mass. at 746-747, the preliminary injunction cannot survive, then I see no reason why it should not be stayed. Thus, notwithstanding that the landlord has shown little or no irreparable harm from the preliminary injunction, and notwithstanding that the tenants may suffer significant irreparable harm in the absence of the preliminary injunction -- harm that I recognize and do not in any way minimize -- I allow the landlord's motion. The preliminary injunction is stayed pending further order of this court or a single justice thereof.

5. Consolidation. The defendant-landlord's appeals from the preliminary injunction order entered in Beans v. Water's Edge Limited Partnership, 22H84CV000398 (Appeals Ct No. 22-J-0464), Thompson v. Water's Edge Limited Partnership, 22H84CV000400

(Appeals Ct No. 22-J-0466), Sierra-Ruiz v. Water's Edge Limited Partnership, 22H84CV000404 (Appeals Ct No. 22-J-0467), Benabderrazak v. Water's Edge Limited Partnership, 22H84CV000414 (Appeals Ct No. 22-J-0468), and Moubhiz v. Water's Edge Limited Partnership, 22H84CV000413 (Appeals Ct No. 22-J-0469), are hereby consolidated. The consolidated appeal is entered on this date as 22-P-0838, conditioned on the landlord's payment of the $300 entry fee to the Appeals Court no later than by 3:00 p.m. on August 31, 2022. The defendant-landlord is designated as the appellant and the plaintiffs are the appellees. All future filings shall refer to 22-P-0838.

6. Appeal Expedited. The consolidated appeal is hereby expedited and shall be heard by a panel of Justices during the Appeals Court's October 2022 sitting. The Clerk of the Eastern Division of the Housing Court shall forthwith prepare a notice of assembly of the record on appeal on each of the five cases, notwithstanding the outstanding production of any transcript of the preliminary injunction hearing held on August 16, 2022, and transmit them electronically to the Appeals Court referencing Appeals Court No. 22-P-0838.

7. Single Justice Hearing. I will hold a remote hearing as soon as counsel's schedules permit, on Monday, August 29 or the morning of Tuesday, August 30, 2022, to discuss the deadlines for the parties' briefing, including their preparation of the joint record appendix. The parties are ordered to confer prior to the hearing to discuss an expedited briefing schedule and the need for and availability of an expedited transcript of the August 16, 2022, preliminary injunction hearing. The briefing schedule must provide each party adequate time to prepare their respective brief, with the appellees' unitary brief to be filed no later than October 3,

2022. Any reply brief may be filed at a date set by the assigned panel. No party shall seek an enlargement of time to file a brief, except for extraordinary circumstances. The appeal shall be scheduled for argument sometime during the Court's sittings from October 3-17, 2022, with scheduling details to follow. Following the above-referenced scheduling hearing, an order will issue setting a final briefing schedule and oral argument date. So ordered. (Sacks, J.). *Notice/attest/Bagdoian, J.

REGISTRATION FOR ELECTRONIC FILING. Every attorney with an appeal pending in the Appeals Court must have an account with eFileMA.com. Registration with eFileMA.com constitutes consent to receive electronic notification from the Appeals Court and e-service of documents. Self-represented litigants are encouraged, but not required, to register for electronic filing.

ELECTRONIC FILING. Attorneys must e-file all non-impounded documents. Impounded documents and submissions by self-represented litigants may be e-filed. No paper original or copy of any e-filed document is required. Additional information is located on our Electronic Filing page: http://www.mass.gov/courts/court-info/appealscourt/efiling-appeals-faq-gen.html

FILING OF CONFIDENTIAL OR IMPOUNDED INFORMATION. Any document containing confidential or impounded material must be filed in compliance with Mass. R. App. P. 16(d), 16(m), 18(a)(1)(A)(iv), 18(d), and 21.
Very truly yours,

The Clerk's Office

Dated: August 29, 2022

To:

EdwardRice,EsquireDavidFrye,EsquireMeredithMccaffrey,EsquireEasternHousingCourt

---------------------------------------------------------------------

If you have any questions, or wish to communicate with the Clerk's Office about this case, please contact the Clerk's Office at 617-725-8106. Thank you.