**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WATER'S EDGE LIMITED PARTNERSHIP, | ) | Case No. 24-12445-CJP |
| Debtor. | ) | |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF ORDER DIRECTING NECESSARY PARTY TO EXECUTE DOCUMENT NECESSARY FOR PLAN CONSUMMATION**

Water's Edge Limited Partnership, the reorganized debtor in the above-captioned case (the "Debtor"), hereby moves, pursuant to Bankruptcy Code section 1142(b), for entry of an order compelling Salvatore R. Carabetta (and, to the extent necessary, companies that he co-controls, including Carabetta Management Company ("CMC," and together with Mr. Carabetta, "SRC")), to execute a release or other related documents necessary to permit consummation of the Debtor's confirmed plan relating solely to the settlement of the insurance claim described below, which settlement all concerned believes is a good deal that should be immediately effectuated.

In support thereof, the Debtor states as follows:

**BACKGROUND**

1. On February 4, 2026, this Court entered its order (the "Confirmation Order") [Docket No. 555] confirming the Debtor's Modified Plan of Liquidation dated January 27, 2026 (the "Plan") [Docket No. 539].

2. As of confirmation of the Plan, one of the Debtor's most valuable assets was its insurance claim on account of damage to its properties at 364 and 370 Ocean Avenue, Revere, Massachusetts (the "Insurance Claim"). Under the Plan, the reorganized Debtor exclusively retained

sole control of the administration of and right to settle the Insurance Claim. (See especially Plan section 5.7(l), expressly preserving those exclusive rights in the Debtor.)

**SETTLEMENT OF INSURANCE CLAIM**

3. After participating in a mediation in August 2026, the Debtor and the insurers have settled the Insurance Claim, which requires the insurers to pay to the Debtor's estate the sum of $2,500,000 (the "Settlement").

4. The net proceeds of the Settlement to the estate, after satisfaction of fees payable to special insurance counsel, mediator's fees, and other costs, will be $2,200,000.

5. The Debtor has proposed to Carabetta Enterprises, Inc. ("CEI") that the Debtor would distribute those net proceeds to the Debtor's partner, Evelyn M. Carabetta ("EMC") and to CEI, on a simple 50/50 basis, in accordance with the Plan.

6. The Prince Lobel firm has informed the Debtor that CEI, CMC and SRC all support the Settlement on the terms set forth above, all have no concerns as to the settlement documentation negotiated between the Debtor and the insurers, all agree that the net proceeds of the Settlement would be $2,200,000, and all agree to the 50/50 split of the net proceeds between CEI and EMC as the Debtor has proposed.

**NECESSARY SIGNATURES ON RELEASE OF INSURERS**

7. The Debtor purchased its insurance coverage as part of a "blanket" master policy, pertaining to dozens of real properties owned by the Debtor and by many other entities in which CEI had an interest of some type. CEI's wholly owned subsidiary, CMC, was technically named as the "insured." The settling insurers have acknowledged the Debtor's exclusive authority under the Plan and Confirmation Order to effectuate the Settlement, but have requested, apparently out of an abundance of caution and standard insurance practice, that CMC, as named insured, also release whatever rights it may have once had as to the Insurance Claim, notwithstanding the explicit provisions of the Plan. The demanded release is solely and narrowly as to the Debtor's Insurance

Claim, as explicitly has no bearing on CMC's rights or interests more generally or any other property or claim. And the Debtor has made it clear that the Settlement, the allocation of the net proceeds equally between CEI and EMC, and the required release all will be without prejudice to whatever other rights that any party might have as to any other property or other matter, whether relating to the Debtor or otherwise.

8. The Debtor has requested that CMC execute the required release.

9. CMC is owned entirely by CEI. Each of CEI and CMC are controlled by three corporate directors, Joseph F. Carabetta, Jr. ("JFC"), SRC, and EMC. Two of the three directors, JFC and EMC, have executed the required release. SRC, however, has not, and refuses to do so unless EMC makes concessions to SRC that are unrelated to the Insurance Claim and the Settlement. (The CMC corporate governance documents require the unanimous consent of all three directors to bind CMC.)[1]

10. To be clear, the Debtor believes that the provisions of the Plan and Confirmation Order that vest the reorganized Debtor with the sole and exclusive right to effectuate the Settlement are valid and binding in all respects, including upon SRC, CEI, CMC, and the insurers. Further, to the extent that the Plan and Confirmation Order may have in some way effectuated a transfer of settlement authority from CMC (as the named insured) to the Debtor, courts have universally confirmed that such transfers of authority as to insurance claims and related rights pursuant to a chapter 11 plan are fully valid and self-effectuating, and binding on all concerned. See, e.g., In re Federal Mogul Global, Inc., 684 F.3d 355, 3d Cir. 2012).

[1] The Debtor declines to set forth here the nature of the concessions required by SRC to execute the required release as a CMC director, as the Debtor considers the back and forth on that issue to be confidential settlement discussions and so inappropriate to be disclosed. The Debtor does note, however, that the concessions demanded by SRC relate to certain possible hypothetical future events that may or may not ever occur, even though (as noted above) nothing concerning this Settlement or the allocation of proceeds or the release would prejudice anyone as to any other matter whatsoever. In other words, while SRC and EMC (brother and sister) might someday have issues that may need some court to help sort out, there is no such dispute today, and there may never be (except, of course, SRC's present attempt to use his required signature on the release as leverage over EMC and to frustrate the Debtor's consummation of its Plan).

11. Notwithstanding that, the Debtor's month-long efforts to persuade SRC to execute the release, and related discussions with insurers' counsel, have been expensive and to date, unproductive, putting the Settlement conceivably at risk and in any event improperly reducing the amounts available for distribution under the Plan by mounting unwarranted costs.

12. Bankruptcy Code 1142(b) provides:

> The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

13. The release demanded by the insurers to permit the Debtor to complete the Settlement is the type of instrument required to be executed that is necessary for full consummation of the Plan, and entry of the proposed order submitted herewith is fully in accordance with section 1142(b) and all other provisions of the Bankruptcy Code, the Plan and the Confirmation Order. The Debtor reluctantly brings this Motion to permit the completion of a settlement that all parties agree is a fair and indeed good resolution of an important estate asset, rather than suffering more needless risk and expense while SRC alone wrongfully attempts to further hold it hostage.

**WHEREFORE**, based upon the foregoing, the Debtor respectfully requests that the Court enter the Proposed Order attached hereto, and grant to the Debtor such other and further relief as may be appropriate.

Dated: October 15, 2026

WATER'S EDGE LIMITED PARTNERSHIP,
By its counsel,

BROWN RUDNICK LLP

*/s/ William R. Baldiga*
William R. Baldiga (BBO #552125)
Brown Rudnick LLP
1 Financial Center
Boston, Massachusetts 02111
Telephone: (617) 856-8586
Email: wbaldiga@brownrudnick.com

*/s/ Kathleen R. Cruickshank*
Kathleen R. Cruickshank (BBO #550675)
Murphy & King, Professional Corporation
28 State Street, Suite 3101
Boston, Massachusetts 02109
Telephone: (617) 423-0400
Email: kcruickshank@murphyking.com

## CERTIFICATE OF SERVICE

I, William R. Baldiga, hereby certify that on October 15, 2026, I caused a copy of the Reorganized Debtor's Motion for Entry of Order Directing Necessary Party to Execute Document Necessary for Plan Consummation to be served via this Court's CM/ECF System.

Dated: October 15, 2026

*/s/ William R. Baldiga*
William R. Baldiga

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WATER'S EDGE LIMITED PARTNERSHIP, | ) | Case No. 24-12445-CJP |
| Debtor. | ) | |

**ORDER ON REORGANIZED DEBTOR'S MOTION FOR ENTRY OF ORDER DIRECTING NECESSARY PARTY TO EXECUTE DOCUMENT NECESSARY FOR PLAN CONSUMMATION**

At Boston in said District, on the ___________ day of _______________________, 2026, on the Reorganized Debtor's Motion for Entry of Order Directing Necessary Party to Execute Document Necessary for Plan Consummation [Docket No. ___] (the "Movant"), after notice to all parties on Movant's Certificate of Service, it is hereby

**ORDERED AND DECREED**

The Reorganized Debtor's Motion for Entry of Order Directing Necessary Party to Execute Document Necessary for Plan Consummation, is hereby **GRANTED**.

_____________________________________________
Honorable Judge Christopher J. Panos
United States Bankruptcy Judge